DA 07-0347

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 325N

IN RE THE MARRIAGE OF

CARRIE L. BREWER,
f/k/a CARRIE L. BLACKFORD,

        Petitioner and Appellant,

    and

DEAN MICHAEL BLACKFORD,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                     In and For the County of Yellowstone, Cause No. DR 06-1284
                     Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Jill Deann LaRance; LaRance & Syth, P.C., Billings, Montana

        For Appellee:

                Robert J. Waller; Waller & Womack, Billings, Montana

                        Submitted on Briefs: July 23, 2008

                              Decided: September 16, 2008

Filed:

                                           _____
                                               Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Carrie L. Brewer (Carrie), formerly known as Carrie L. Blackford, appeals from the portions of the order of the Thirteenth Judicial District Court, Yellowstone County, denying her motion for back child support from her ex-spouse Dean Michael Blackford (Dean), directing that neither Carrie nor Dean would pay current child support, and denying Carrie's request for attorney fees.  The District Court determined Dean did not owe Carrie back child support from February 17, 2005 to February 15, 2006 because there was no reason to deviate from a 2005 stipulated parenting plan providing for no child support during that time.  In relation to current child support and back child support from February 2006 forward, the court found—among other things—that Carrie's testimony regarding her expenditures for the children was neither adequately supported by documentation nor credible.

¶3     In its conclusions of law, the District Court relied on *Midence v. Hampton*, 2006 MT 294, ¶ 18, 334 Mont. 388, ¶ 18, 147 P.3d 227, ¶ 18, for the proposition that, when parties agree to modify child support but do not agree on the amount, statutory criteria and the Montana Child Support Guidelines (Guidelines) are still applicable in determining whether a

2

variance from the Guidelines should be granted. In that regard, the District Court cited to Admin. R. Mont. 37.62.102(1) and concluded that the presumption created by the Guidelines of the adequacy and reasonableness of a child support award was rebutted in this case by the parties' testimony that the children's needs had been met without extraordinary contribution by Carrie. The court also determined, by clear and convincing evidence as contemplated in § 40-4-204(3)(a), MCA, that following the Guidelines would be unjust to Dean and would result in a windfall to Carrie. Finally, the court denied Carrie's request for attorney fees because she had not prevailed at trial.

¶4 On appeal, Carrie asserts the 2005 parenting plan is not enforceable insofar as it contemplated no child support from February 2005 to February 2006, because that provision was not in the children's best interests and the District Court did not make plan-related findings regarding the criteria set forth in § 40-4-204, MCA. She also argues the District Court should have held the parties to the stipulated parenting plan to the extent possible with respect to its provision for determining child support from February 2006 forward. Carrie posits that the parenting plan contemplated that child support from February 2006 forward would be based on the Guidelines—which, as mentioned above, the District Court did not apply upon determining the children's needs were met and clear and convincing evidence established that application of the Guidelines would be unjust to Dean. *See* § 40-4-204(3)(a), MCA; Admin. R. Mont. 37.62.102(1).

¶5 With respect to the District Court's grant of a variance from the Guidelines, Carrie first posits that we should revisit our current standard of review for abuse of discretion and,

3

instead, conduct de novo review. Having considered Carrie's arguments and the authorities on which she relies, we are not persuaded to adopt a de novo standard of review here.

¶6     Several of Carrie's substantive arguments regarding the variance from the Guidelines are, in essence, policy-based assertions that the "children's needs are being met" provision of Admin. R. Mont. 37.62.102(1) makes it too easy to rebut the presumptive child support award calculated under the Guidelines. Carrie also points to Admin. R. Mont. 37.62.102(6), an inapplicable rule addressing conditional variances. In addition, Carrie disputes some of the District Court's findings relating to the children's expenses. For example, she points to her testimony that she incurred $12,000 in credit card debt—testimony which the District Court found was unsupported by documentation. In challenging the finding that Dean had paid the vast majority of the children's expenses, Carrie points to Dean's testimony that he had not given Carrie any money—testimony which does not establish a failure to pay the *children's* expenses. Finally, Carrie asserts she is entitled to attorney fees, because Dean allegedly failed to timely transmit financial information as required by the stipulated parenting plan, and the plan provided that "[i]f court action is necessary to establish child support, the court may award attorney fees as the court deems appropriate"—a provision clearly leaving the decision to the District Court's discretion.

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that this appeal is without merit because the District Court's findings are clearly supported by substantial evidence and

4

are not otherwise clearly erroneous, the court correctly interpreted legal matters controlled by settled Montana law and it clearly did not abuse its discretion with respect to those matters within its discretion.

¶8     Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS